### STATE v. JOHN R. PHILLIPS.

Court of Quarter Sessions.  New Castle.  December 15, 1803.

*Rodney's Notes.*

*Vandyke* [for State].  *George Read* [for defendant].

Joseph Israel, Esq., sworn.  John R. P. acted as inspector. This is the list of voters.  Crosson's name [was] Number 185 on the list.

Nicholas Bishop, sworn.  John Crosson is my nephew.  He offered his vote to J. R. Phillips.  His parents were married in the Fall of 1802.  He was the third child, was born better than three years after my sister and his father were married.  I told Phillips he was under age and not to take his vote.  He laughed. I did not know of his voting till afterwards.  I expect P. was well acquainted with him, lives about a mile and a half from him.

John Crosson, Senior.  I have a son of my name.  He is now nineteen years old.  Have resided in Mill Creek seven years. Live about two miles from J. R. P.  He has been at my house. I knew him ever since I was married.  I and my son was at the election.  John R. P. told me he received a vote of that name.

Cross-examined.  Bishop objected to John Boyd and my son's votes and said they want of age.  John R. P. asked if he was midwife, and it affronted him, Bishop.

Attorney General.  In the list you find the name of John Crosson, Jr., also the evidence of the father that he was not more than eighteen years.  Constitution requires voters to be twenty-one years.  Act of February, 1802, [3 Del.Laws] 253.

*G. Read.*  This law is attempted to be carried into execution by the same spirit it was passed, which was to remedy a political malady.  If it had been carried on in an ordinary way as to its

execution, I should have been silent, but bands or committees were formed for that purpose in this county.

Being asked by the Court if he meant to controvert the constitutionality of the law, [he] answered he did as to the third section. 1 Del.Laws 148, 429, 521, sheriff and inspectors constituted (jointly) judges and exercising high powers, and [are] to be considered as acting in the highest grade of judicial office under our Constitution. I should submit to constitutional acts, but it becomes the duty of every good citizen to oppose unconstitutional laws. My objection goes to the second section. 2 Dall. 309. Del.Const., Art. 8, all existing laws to remain in force [that are] not inconsistent with it. It is in the essence and nature of the character of a judge to be independent, and for error a judge is amenable to no man; such is the principle of the common law, which is the law of this land. 1 Salk. 397. The censors having power to examine, convict, and punish, are judicial and cannot be punished for error in judgment. Inspectors act as judges [and] admit they took a vote which is illegal. He has a right to exercise his judgment, and the legislature have no power to make a law to punish him. Every act done by one inspector is essentially the act of the whole board, for no one inspector is a judge of the propriety of receiving the vote, unless it is approved by the whole board. 1 East 560, Lord Kenyon, what is done by a person in his corporate capacity, he is not liable for in his individual capacity. This act of all others that ever stained a legislative code is most to be reprobated. Does it appear to you that John R. Phillips received this vote himself, or are you to presume it might not have been directed by the board? If this Act appears to you against the principles of natural justice, the legislature had no right to pass such a law, and you are bound to declare such Act void. [2] Dall. 309, Judge Chase, "I cannot subscribe to the doctrine that Legislatures have unlimited power to pass laws contrary to the social compact." Now are you not bound to say the legislature, by passing this Act, has not converted innocence into guilt? First, it tends to violate the independence of a judge. You see your inspectors hunted through society, prosecuted and persecuted, instead of being cherished, fostered, and receiving the thanks of society.

Attorney General in conclusion. I hope no party principles will in this case or any other intermingle themselves with our judicial proceedings. In the same laws which the counsel read, there are penalties, to wit £100, for nonperformance of their duty, which at once is an answer to the arguments of the counsel. [1 Del.Laws] 431, 432, 503. Del.Const., Art. 6, judiciary

power defined. We prove this young man was carried up to vote, that [the] inspector had notice he was not of age, and that he afterwards did vote. As to the presumptions counsel talk of, they are affirmatives and should be proved; if not, you are bound to presume the contrary.

PER CURIAM. The Court or jury have nothing to do with the question whether the law is impolitic or not. We are sworn and bound to obey the laws. As to constitutionality of the law, we do not find the inspectors and sheriff mentioned in [the] Constitution, nor does it appear by the Act [3 Del.Laws 253] they were created or constituted a judicial authority. We think they were not, etc. If it appears to you that John Crosson did vote, was unqualified and that John R. Phillips took the same knowing it to be so, you will find him guilty, etc.

Verdict, not guilty.